# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SANTANA McCREE, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. 14 C 2807 |
| WARDEN LEMKE, et al., | ) |
|           Defendants. | ) |

## MEMORANDUM ORDER

Santana McCree ("McCree") has employed the printed form of 42 U.S.C. § 1983 ("Section 1983") Complaint provided by the Clerk's Office for use by persons in custody to advance claims of (1) intolerable living conditions at Stateville Correctional Center ("Stateville," where McCree is in custody) and (2) constitutionally inadequate medical care, targeting Stateville Warden Michael Lemke and Illinois Department of Corrections Director Salvador Godinez as defendants. Because McCree's allegations (which must be credited for the present, though this Court does not of course make any factual findings) assert that he has satisfied the precondition to suit that requires the exhaustion of available administrative remedies (see 42 U.S.C. § 1997e(a)), this memorandum order can go on to deal with other threshold issues.

To begin with, McCree's Complaint was accompanied by two other documents: his motion for appointment of counsel ("Motion"), a copy of which was delivered to this Court's chambers with the Judge's Copy of the Complaint, and an In Forma Pauperis Application ("Application") coupled with the printout of transactions in McCree's trust fund account for the

six-month period preceding the filing of the Complaint (see 28 U.S.C. § 1915(a)(2)).[1] During the six-month period made relevant by Section 1915(a)(2),[2] McCree's average monthly deposits to the trust fund account came to $47.60, 20% of which (id.) is $9.52. Accordingly McCree is assessed that initial fee of $9.52, and the Stateville trust fund officer is ordered to collect that amount from McCree's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment, the trust fund officer at Stateville (or at any other correctional facility where McCree may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify McCree's name and the

---

[1] For some inexcusable reason, no copy of the Application and its attached printout were delivered to this Court's chambers, although the Clerk's Office has been directed on numerous occasions in the past to deliver copies of all documents filed by pro se prisoner plaintiffs to this Court's chambers. From the Judge's Copies of the Complaint and the Motion that have been delivered to chambers, it appears that McCree himself had transmitted both the original and a copy of each of those documents to the Clerk's Office, which in turn delivered the Judge's Copy to this Court. It seems likely, then, that McCree transmitted only the original of the Application and its attachment to the Clerk's Office, but if so that is all the more reason for that office to have complied with the repeated instructions referred to in this footnote (as it did not).

[2] This and all further references to provisions of that statute will simply be cited "Section 1915 --," omitting the prefatory "28 U.S.C."

14 C 2807 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Stateville trust fund officer.

Finally, it is plain that McCree will in all events qualify for in forma pauperis treatment of the special type provided for in Section 1915, in addition to which the Motion provides the necessary information that calls for that motion's being granted at this point. Accordingly this Court has obtained the name of this member of the trial bar, who is designated to represent McCree pro bono publico:

> Tomas Petkus
> Tobin & Munoz, L.L.C.
> 70 West Madison
> #1950
> Chicago, IL 60602
> 312-641-1321
> Fax: 312-641-5220
> Email: tomaspetkus@barristers.com.

That designated counsel is directed as his first order of business to determine whether the Marshals Service can promptly complete the service of process on the defendants -- but if that is not the case, counsel is authorized to make those arrangements himself and will be reimbursed for the expenses of doing so out of court funds.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 25, 2014